J. S51042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN CHRISTOPHER WILLIAMS, | : | No. 1175 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 13, 2018,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0000140-2014

BEFORE:  DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 27, 2018**

Shawn Christopher Williams appeals from the March 13, 2018 order entered in the Court of Common Pleas of Northampton County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  PCRA counsel Matthew J. Deschler, Esq., has also filed a petition to withdraw.  We affirm.

The record reflects that on December 4, 1998, a jury found appellant guilty of sexual assault, graded as a second-degree felony.  The trial court sentenced appellant to four to ten years of imprisonment.  Following imposition of sentence, the Pennsylvania General Assembly passed Megan's Law II, under which appellant was required to register as a sex offender for ten years.  Thereafter, the General Assembly passed Megan's Law III, which, in 2013, our supreme court struck down as violative

of the single subject requirement of Article III, Section 3 of the Pennsylvania Constitution in **Commonwealth v. Neiman**, 84 A.3d 603, 607 (Pa. 2013). The Sexual Offender Registration and Notification Act ("SORNA") replaced Megan's Law III, effective December 20, 2012. Under SORNA, appellant was deemed a Tier III offender and subject to a lifetime registration requirement.

The record further reflects that appellant violated SORNA's registration requirement in late 2013 and was charged with numerous offenses with respect to his failure to register as a sex offender. On June 2, 2014, appellant pled **nolo contendere** to failure to register with the state police in violation of 18 Pa.C.S.A. § 4915.1(a)(1), a second-degree felony. The trial court sentenced appellant to five years of probation. Appellant did not file a direct appeal.

On December 5, 2017, appellant filed a **pro se** motion to reconsider, **nunc pro tunc**, seeking vacation of his conviction and sentence for violating Section 4915.1(a)(1) based on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), wherein our supreme court held that application of the registration requirements under SORNA to sexual offenders who committed their crimes before SORNA's effective date violates the **ex post facto** clause of the Pennsylvania Constitution. The PCRA court appointed counsel.[1] On

---

[1] The record reflects that the PCRA court initially appointed Catherine L. Kollet, Esq., as PCRA counsel. By order entered December 6, 2017, the PCRA court determined that Attorney Kollet was no longer available to represent appellant, withdrew her appearance, and appointed Attorney Deschler as PCRA counsel.

January 11, 2018, Attorney Deschler filed an amended petition on appellant's behalf seeking vacation of appellant's conviction and sentence based on **Muniz**.[2] On March 13, 2018, the PCRA court entered an order denying appellant's PCRA petition. On April 10, 2018, appellant filed a notice of appeal. The PCRA court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Attorney Deschler filed a Rule 1925(c)(4) statement stating his intent to file an "**Anders/McClendon**[3] brief in the Superior Court in lieu of filing a Concise Statement of Matters Complained of on Appeal." (Docket #30.) The PCRA court did not file a Rule 1925(a) opinion.

Preliminarily, we note that where counsel seeks to withdraw on appeal from the denial of PCRA relief, the appropriate filing is a **Turner**/**Finley**[4] no merit letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 820 n.2 (Pa.Super. 2011). Because an **Anders** brief provides greater protection to a

---

[2] We note that the record reflects that appellant violated his registration requirements in 2015, was convicted by a jury of multiple violations of the SORNA registration requirements, and sentenced to 33 to 120 months of imprisonment. On direct appeal, a panel of this court vacated appellant's convictions and sentence in light of our supreme court's decision in **Muniz**. **See Commonwealth v. Williams**, 79 A.3d 535 (Pa.Super. 2017) (judgment order).

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 495 434 A.2d 1185 (Pa. 1981).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (**en banc**).

defendant, however, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **Id.** (citation omitted).

Pursuant to **Turner**/**Finley**, before withdrawal on collateral appeal is permitted, an independent review of the record by competent counsel is required. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must then submit a no-merit letter that (1) details the nature and extent of his or her review; (2) lists each issue the petitioner wishes to have reviewed; and (3) explains why the petitioner's issues lack merit. **Id.** The court then conducts its own independent review of the record to determine whether the petition indeed lacks merit. **Id.** Counsel must also send petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (citation omitted).

Here, Attorney Deschler filed an **Anders** brief on July 9, 2018, wherein he concludes that, after a conscientious review of the record, appellant's PCRA petition is untimely and the appeal is frivolous because the position he advanced in appellant's amended PCRA petition was subsequently "squarely reject[ed]" by this court in **Commonwealth v. Murphy**, 180 A.3d 402, 406, 407 (Pa.Super. 2018). Also on July 9, 2018, Attorney Deschler filed a petition to withdraw as counsel stating that he conscientiously reviewed the record in this case and has concluded that the appeal is

- 4 -

frivolous. The record further reflects that by correspondence dated July 9, 2018, Attorney Deschler provided appellant with a copy of the **Anders**/**McClendon** brief, as well as counsel's petition to withdraw, and that counsel advised appellant that he has the right to retain new counsel, proceed **pro se**, or raise any additional points appellant deems worthy of this court's attention. Counsel also informed appellant that counsel will remain appellant's counsel until this court grants leave to withdraw. Appellant has not filed a response to either the **Anders** brief or the application to withdraw.[5]

Our review of the record demonstrates that Attorney Deschler has substantially complied with each of the above requirements.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of

---

[5] We note that the Commonwealth filed a letter with this court declining to file an appellee's brief because it concurs with Attorney Deschler's position.

a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on June 2, 2014. Appellant failed to file a direct appeal to this court. Consequently, appellant's judgment of sentence became final July 2, 2014, thirty days after imposition of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed December 5, 2017, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of

any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, in his PCRA petition, appellant challenged the retroactive application of SORNA based upon the Supreme Court of Pennsylvania's decision in *Muniz*, which implicates the newly recognized constitutional right exception to the PCRA's time-bar under Section 9545(b)(1)(iii). With that exception, appellant must satisfy the requirement that he filed his claim within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Our supreme court filed its decision in *Muniz* on July 19, 2017. Appellant filed his petition on December 5, 2017, in excess of 60 days of the *Muniz* decision. Therefore, because appellant did not file his claim within 60 days of when it could first be presented, he cannot satisfy the newly recognized constitutional right statutory exception to overcome the PCRA's time-bar.

Even assuming that appellant satisfied the 60-day requirement, appellant would still not be entitled to relief. In *Muniz*, our supreme court held that application of the registration requirements under SORNA to sexual offenders who committed their crimes before SORNA's effective date violates the *ex post facto* clause of the Pennsylvania Constitution. *Muniz*, 164 A.3d at 1218. Therefore, retroactive application of SORNA would appear to violate the *ex post facto* clauses of the United States Constitution and the

Pennsylvania Constitution, as set forth in *Muniz*. *See Muniz*, 164 A.3d at 1218-1219. Appellant, however, presents his claim in the context of an untimely filed PCRA petition.

In a case involving a timely filed PCRA petition, this court has held that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). Because appellant's PCRA petition is facially untimely, however, he would be required to satisfy the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To do so, appellant would be required to demonstrate that the Supreme Court of Pennsylvania has held that *Muniz* applies retroactively. *See Commonwealth v. Murphy*, 180 A.3d 402, 406-407 (Pa.Super. 2018) (finding that when the PCRA petition is untimely filed, in order to satisfy the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii)), a petitioner must demonstrate that the Supreme Court of Pennsylvania has expressly held that *Muniz* applies retroactively). Because at this time, no such holding has been issued by our supreme court, even assuming that appellant met the 60-day requirement, appellant would be unable to rely on *Muniz* to meet the timeliness exception set forth at Subsection 9545(b)(1)(iii).

Having conducted an independent review of the record, we conclude that the PCRA court lacked jurisdiction to review appellant's petition, and we

may not review the petition on appeal. We, therefore, grant Attorney Deschler's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18